UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

DAVID R. PETE, Pro Se
6355 Chinn Ln Apt #2105
Beaumont, TX 77708
Phone: 409-998-0229 or 409-242-1918
Email: dpetedavidpete@yahoo.com,
Plaintiff,

v. Civil Action No. [INSERT CASE NUMBER]

SMALL BUSINESS ADMINISTRATION, and
TREASURY OFFSET DIVISION,
Defendants.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 14 2025

BY
DEPUTY_____

1:25cv223

COMPLAINT

Plaintiff David R. Pete, appearing pro se and representing himself, for his complaint against Defendants Small Business Administration (SBA) and Treasury Offset Division, alleges as follows:

**I. PARTIES**

- Plaintiff David R. Pete is a resident of Jefferson County, Texas, residing at 6355 Chinn Ln Apt #2105, Beaumont, TX 77708. Plaintiff is a recipient of disability annuity benefits, which are protected under federal law. Plaintiff may be contacted by telephone at 409-998-0229 or 409-242-1918, or via email at dpetedavidpete@yahoo.com.

- Defendant Small Business Administration is an agency of the United States that performs administrative functions which, as alleged herein, have directly contributed to the wrongful garnishment of Plaintiff's disability annuity benefits.

- Defendant Treasury Offset Division is a division of the United States Department of the Treasury, responsible for administering offsets on federal payments, including disability annuity benefits, and is alleged to have improperly executed procedures resulting in the garnishment of Plaintiff's funds.

**II. JURISDICTION AND VENUE**

- Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as this action involves claims arising under federal law, including statutes and regulations protecting disability annuity benefits and due process rights.

- Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district and the Defendants are subject to personal jurisdiction within this District.

- This Court is the United States District Court for the Eastern District of Texas.

**III. STATEMENT OF FACTS**

- Plaintiff is a qualified recipient of disability annuity benefits under federal programs that ensure financial stability for individuals with disabilities.

- On or about [INSERT DATE], the Defendants initiated and executed a garnishment

1

- against Plaintiff's disability annuity benefits.

- Plaintiff contends that such garnishment was executed without proper authorization and in violation of established protocols and federal protections.

- Despite Plaintiff's compliance with all requisite procedures, the Defendants failed to adhere to the mandatory standards governing the garnishment of disability annuity benefits, including those set forth in applicable federal regulations and administrative procedures.

- Plaintiff received no adequate notice or opportunity to contest or redress the garnishment actions as required under the Due Process Clause of the Fifth Amendment and relevant administrative law.

- As a result of the unauthorized and improper garnishment, Plaintiff has suffered significant financial harm, including but not limited to loss of income necessary for his livelihood and treatment.

## IV. LEGAL CLAIMS

### Count I: Violation of Statutory Protections for Disability Annuity Benefits

- Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 12.

- Federal statutes, including but not limited to 38 U.S.C. §§ 5301 and 5307, are designed to protect recipients of disability annuity benefits from unwarranted administrative actions.

- Defendants' actions in garnishing Plaintiff's disability annuity benefits, without proper adherence to statutory requirements, constitute a violation of the expressly mandated protections afforded by these statutes.

- As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm.

### Count II: Unauthorized Garnishment Under Federal Law

- Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 16.

- The Defendants, without a lawful basis or proper authorization, initiated a garnishment that is prohibited under federal law.

- Defendants' actions conflict with established federal procedures and administrative rules governing the garnishment of federally protected benefits.

- Plaintiff has therefore suffered damages resulting directly from the unauthorized garnishment of his disability annuity benefits.

### Count III: Violation of Due Process Rights

- Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 20.

- The unauthorized garnishment measures deprived Plaintiff of notice and a meaningful opportunity to be heard, in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

- Defendants' disregard for procedural safeguards and established protocols resulted in a denial of Plaintiff's fundamental rights.
- Such due process violations warrant corrective action and appropriate remedies under federal law.

**Count IV: Violation of Civil and Administrative Code Provisions Protecting Disability Annuity Benefits**

- Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 24.
- Defendants' actions are in direct contravention of relevant civil violation codes and administrative rules designed to protect disability annuity benefits, including applicable regulations promulgated under the Department of Labor and other Federal agencies.
- These violations have inflicted ongoing and substantial financial and personal harm upon Plaintiff, in violation of the protections afforded to him under federal law.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff David R. Pete respectfully requests that this Court enter judgment in his favor and grant relief as follows:

A. Order Defendants to immediately cease any and all garnishment activities against Plaintiff's disability annuity benefits.

B. Order Defendants to return all funds wrongfully garnished from Plaintiff's account, together with interest at the legal rate from the date of garnishment until the date of full restitution.

C. Award compensatory damages for the financial and emotional distress caused by the unauthorized garnishment, in an aggregate amount of $100,000,000,000.00.

D. Award Plaintiff his reasonable attorney fees, costs, and expenses incurred in this action pursuant to applicable federal statutes.

E. Grant such other and further relief as this Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 9, 2025

Respectfully submitted,

David R. Pete, Pro Se
6355 Chinn Ln Apt #2105
Beaumont, TX 77708
Phone: 409-998-0229 or 409-242-1918
Email: dpetedavidpete@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served on the Defendants via [describe method of service, e.g., electronic filing, U.S. Mail, etc.] on this 9th day of May, 2025.

David R. Pete, Pro Se

3