IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DAVID R. PETE,<br><br>*Plaintiff*,<br><br>v.<br><br>SMALL BUSINESS ADMINISTRATION and TREASURY OFFSET DIVISION,<br><br>*Defendants*. | CIVIL ACTION NO. 1:25-CV-00223-MAC-CLS |

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE AND DENY AS MOOT PLAINTIFF'S MOTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

I.   **Background**

On May 14, 2025, Plaintiff David R. Pete filed a *pro se* complaint against the Small Business Administration ("SBA") and Treasury Offset "Division," which the undersigned will refer to as the Treasury Offset "Program" ("TOP"). (Doc. #1.) According to Pete, the SBA and TOP allegedly "initiated and executed a garnishment against [his] disability annuity benefits" at an unspecified time, resulting in "significant financial harm, including but not limited to [the] loss of income necessary for [his] livelihood and treatment." (*Id.* at 1–2.) Pete further alleges procedural irregularities leading up to the garnishment. (*Id.* at 2.) On May 20, 2025, the undersigned granted Pete's motion to proceed *in forma pauperis*. (Docs. #2–3.) A month later on

June 20, 2025, and prior to the court issuing summonses in the case, Pete filed the pending Proposed Entry of Default, an Affidavit in Support of Entry of Default, and Motion for Default Judgment. (Doc. #4.)

## II.     Legal Standard

"The ability to proceed IFP is not without limitation." *Bell v. Cnty. of Galveston*, No. 3:15-CV-0209, 2015 WL 13016010, at *1 (S.D. Tex. Aug. 7, 2015) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).  A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if the court determines at any time that it is frivolous or fails to state a claim on which relief may be granted.[1]  *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Farooq v. Bolt*, No. 4:24-CV-120-P, 2024 WL 1096850, at *1 (N.D. Tex. Mar. 6, 2024), *R & R adopted sub nom. Farooq v. Manheim Auto Auction*, No. 4:24-CV-0120-P, 2024 WL 1094698 (N.D. Tex. Mar. 13, 2024).  "A claim is 'frivolous' where it lacks an arguable basis either in law or in fact." *Shannon v. Millenun*, No. CV 24-2791, 2025 WL 760023, at *2  (E.D. La. Jan. 27, 2025) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)), *R & R adopted sub nom. Shannon v. Handman Lofts Millenun*, No. CV 24-2791, 2025 WL 754409 (E.D. La. Mar. 10, 2025).  A claim

---

[1] Indeed, "[t]he court possesses the inherent authority to dismiss an action *sua sponte* without motion by a defendant as long as the procedure is fair." *Benton v. Tex. Dep't of Crim. Just.*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024) (alteration in original) (first citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); and then citing *Gaffney v. State Farm Fire and Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008)), *R & R adopted*, No. 4:24-CV-00112, 2024 WL 3246071 (S.D. Tex. June 26, 2024); *see also Raskin ex rel. JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 287 (5th Cir. 2023) (citation omitted); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).

The procedure for *sua sponte* dismissal in this case is fair because this [Report] and Recommendation puts [Pete] on notice of the [c]ourt's intention to dismiss and [he] has 14 days to file an objection and explain why his case should be allowed to proceed." *Benton*, 2024 WL 3237543, at *1 (alteration in original) (citing *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021), *abrogated on other grounds by Guerra v. Castillo*, 82 F.4th 278 (5th Cir. 2023)); *cf. Carmona v. City of Brownsville*, No. 1:23-CV-84, 2024 WL 928052, at *9 (S.D. Tex. Feb. 13, 2024) (citing *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998))) (recommending *sua sponte* dismissal under Rule 12(b)(6)), *R & R adopted*, No. 1:23-CV-084, 2024 WL 922756 (S.D. Tex. Mar. 4, 2024); *Tomasella v. Div. of Child Support*, No. 3:20-CV-0476-S-BH, 2022 WL 2959586, at *1–*3 (N.D. Tex. July 12, 2022) (same), *R & R adopted*, No. 3:20-CV-476-S-BH, 2022 WL 2953016 (N.D. Tex. July 26, 2022).

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

"The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations." *Bernhart v. Hooper*, No. CV 23-451-BAJ-EWD, 2024 WL 4497974, at *2 & n.2 (M.D. La. Sept. 27, 2024) (citing *Denton*, 504 U.S. at 32), *R & R adopted*, No. CV 23-00451-BAJ-EWD, 2024 WL 4495497 (M.D. La. Oct. 15, 2024). A factually frivolous claim alleges only facts that are "'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional' …. ris[ing] to the level of the irrational or the wholly incredible."[2] *Moore v. Mabus*, 976 F.2d 268, 270 & n.9 (5th Cir. 1992) (citing *Denton*, 504 U.S. at 32–33); *see Salaverria v. Orange Cnty.*, No. CV 25-648, 2025 WL 1401437, at *2 (E.D. La. Apr. 23, 2025) (citation omitted), *R & R adopted*, No. CV 25-648, 2025 WL 1397191 (E.D. La. May 14, 2025).

"Further, before allowing any action to proceed, the court must be satisfied that subject matter jurisdiction has been established." *Maines v. Colorado*, No. 1:24-CV50-GHD-RP, 2024 WL 5688668, at *1 (N.D. Miss. Apr. 8, 2024), *R & R adopted*, No. 1:24-CV-00050-GHD-RP, 2024 WL 5688802 (N.D. Miss. May 14, 2024). Federal courts exercise "limited jurisdiction" and "possess only that power authorized by the Constitution and statute." *PNC Bank, Nat'l Ass'n v. Ruiz*, 989 F.3d 397, 402 (5th Cir. 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The question of subject matter jurisdiction can never be waived. Nor can

---

[2] As for the failure to state a claim, "[t]he language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam); *Bell v. Mitchell*, No. 3:25-CV-87-E-BN, 2025 WL 1071876, at *1 (N.D. Tex. Mar. 17, 2025) (citation omitted), *R & R adopted*, No. 3:25-CV-00087-E-BT, 2025 WL 1071425 (N.D. Tex. Apr. 9, 2025). Rule 8(a) requires that each claim in a complaint include a "short and plain statement ... showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)).

jurisdiction be conferred by conduct or consent of the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citations omitted).

It is "to be presumed that" federal courts lack jurisdiction to hear a particular case and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). "At the pleading stage, [a plaintiff's] 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271 (5th Cir. 2021) (quoting *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012)). In ascertaining subject matter jurisdiction, courts may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Cantu Silva v. United States*, 110 F.4th 782, 786 (5th Cir. 2024) (quoting *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016)).

Rule 12(h)(3) mandates that a court "must dismiss [an] action" "[i]f it determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *see also Craft ex rel. Est. of Craft v. United Servs. Auto. Ass'n*, No. 23-4074, 2024 WL 2891829, at *1 (E.D. La. June 10, 2024) (first citing *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); and then citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005)) ("The lack of subject-matter jurisdiction may be raised at any time during pendency of the case by any party or by the court."); *Carver*, 18 F.4th at 497 (first citing FED. R. CIV. P. 12(h)(3); and then citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)) ("And *sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.").

### III. Discussion

    A. <u>Subject Matter Jurisdiction</u>

Pete sets forth claims against the Small Business Administration and Treasury Offset Program. "The United States and its agencies are immune from suit, even by states, unless Congress waives sovereign immunity." *Texas v. U.S. Dep't of Homeland Sec.*, 123 F.4th 186, 198 (5th Cir. 2024) (first citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); and then citing *California v. Arizona*, 440 U.S. 59, 61–62 (1979)); *see also Ortega Garcia v. United States*, 986 F.3d 513, 522 & n.11 (5th Cir. 2021) (citing *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997)) ("To maintain a suit in district court against the United States, a plaintiff must bring claims under a statute in which Congress expressly waives the United States' sovereign immunity."). Congress may decide to waive that immunity through statute, but "only when a statute 'unmistakabl[y]' allows it." *Dep't of Agric. v. Kirtz*, 601 U.S. 42, 48 (2024) (quoting *FAA v. Cooper*, 566 U.S. 284, 291 (2012)); *see also U.S. Dep't of Homeland Sec.*, 123 F.4th at 198–99 (citation omitted) ("A waiver of sovereign immunity requires a 'clear statement.'"). "Because the SBA is an agency of the United States, it enjoys sovereign immunity except to the extent waived, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Canada v. U.S. Small Bus. Admin.*, No. 1:21-CV-0091-RP, 2021 WL 8442058, at *3 (W.D. Tex. Oct. 13, 2021) (quoting *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998)), *R & R adopted sub nom. Canada v. Small Bus. Admin.*, No. 1:21-CV-91-RP, 2021 WL 8442057 (W.D. Tex. Dec. 28, 2021); *see also Oldham v. U.S. Small Bus. Admin.*, No. 19-10644, 2025 WL 1393867, at *5 (5th Cir. May 14, 2025); *Tatum v. United States*, 465 F. App'x 313, 315 (5th Cir. 2012) (per curiam).

Pete has not shown a waiver of sovereign immunity vesting the court with subject matter jurisdiction over this case. First, insofar as Pete inferentially directs the court to its federal question jurisdiction, "28 U.S.C. § 1331 is a general jurisdiction statute and does not provide a general waiver of sovereign immunity." *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (citing *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1385 (5th Cir. 1989)); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982) (citations omitted). Of course, § 1332's diversity jurisdiction is not implicated in a suit brought against the United States. *See* 28 U.S.C. § 1332. Second, the two statutory provisions referenced by Pete, 38 U.S.C. §§ 5301 and 5307, concern, generally, the Department of Veterans Affairs and its Secretary, and specifically, the non-assignability, exemption status, and apportionment of veteran's benefits. *See* 38 U.S.C. §§ 5301, 5307. An unequivocal waiver of federal sovereign immunity permitting a lawsuit against the SBA they do not contain. *See id.* §§ 5301, 5307.

As for the TOP, that is simply the United States Department of Treasury's ("DOT's") programmatic implementation authorized by the Debt Collection Improvement Act to collect debts owed to federal agencies; here, the SBA, according to Pete's allegations. *See* (doc. #1.) The Debt Collection Improvement Act requires the DOT to make such offsets whenever an agency refers a debt to it and to pass the withheld funds to the agency to help satisfy the debt. 31 U.S.C. §§ 3711(g), 3716(a). Agencies that refer debts to the DOT certify that the debts are valid, delinquent, and legally enforceable. 31 C.F.R. § 285.5(d)(6). So understood, the TOP is not truly a jural agency, department, or executive constituent amenable to suit; rather, either the SBA or DOT would be the proper defendant in this case. But, even were the undersigned to humor Pete's intention to sue the DOT, 38 U.S.C. §§ 5301 and 5307, as explained above, do not provide a waiver

of federal sovereign immunity to hale that executive department into court. *See* 38 U.S.C. §§ 5301, 5307.

"The court cannot assume that it has jurisdiction; rather, 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference.'" *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 159 (5th Cir. 1988) (quoting *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). "As a *pro se* litigant, [Pete] is entitled to liberal construction of h[is] pleadings and filings, but "[j]udges are not like pigs, hunting for truffles buried in the" United States Code. *Smith v. Hinton*, No. 2:22-CV-102-KS-MTP, 2022 WL 18860469, at *1 (S.D. Miss. Aug. 2, 2022) (quoting *United Sates v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019)); *Crittenden v. Turner-Hester*, No. 1:23-CV-184-MJT-CLS, 2024 WL 2988243, at *2 (E.D. Tex. Apr. 19, 2024), *R & R adopted*, No. 1:23-CV-184-MJT-CLS, 2024 WL 2891887 (E.D. Tex. June 10, 2024). The undersigned "cannot be left to guess" which federal statute(s) Pete relies upon to waive sovereign immunity and assert his claims. *Guerrero v. United States*, 2017 WL 7921198, at *2 (W.D. Tex. Nov. 28, 2017). Because Pete has not shown "that there has been a valid waiver of sovereign immunity," the undersigned recommends dismissing Pete's complaint without prejudice pursuant to Rule 12(h)(3) for want of subject matter jurisdiction. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007).

B. <u>Leave to Amend</u>

The court should deny Pete leave to amend his complaint because of the jurisdictional divesture. "Generally, … a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)); *see also Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *2 (5th Cir. May 1, 2024) (citation omitted) ("[I]t is an abuse

7

of discretion for a district court to dismiss a *pro se* complaint with prejudice without first giving the plaintiff an opportunity to amend his complaint to remedy any deficiencies."). "Here, granting leave to amend would be futile because the [c]ourt lacks subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021) (first citing *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019), *R & R adopted*, No. 3:19-CV-2090-S-BK, 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020); and then citing *Narkin v. Reagan*, No. G-06-449, 2006 WL 2591036, at *1 (S.D. Tex. Sept. 7, 2006), *R & R adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021)).

"Because the district court d[oes] not have subject matter jurisdiction, all it c[an] do [is] dismiss [Pete's] suit." *Wadhams v. Am. Fed'n of Tchrs.*, No. 22-40246, 2022 WL 14461695, at *2 (5th Cir. Oct. 25, 2022) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)); *see also Narkin*, 2006 WL 2591036, at *1 (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988)) ("A [d]istrict [c]ourt is powerless to grant leave to amend when it lacks jurisdiction over the original complaint."); *Redmond v. Williams*, No. 4:22-CV-00910-SDJ-AGD, 2023 WL 7984388, at *7 (E.D. Tex. Sept. 13, 2023) (same), *R & R adopted*, No. 4:22-CV-00910-SDJ-AGD, 2024 WL 420115 (E.D. Tex. Feb. 5, 2024). Nor do Rule 15 or 28 U.S.C. § 1653 allow Pete to amend his defective complaint to create jurisdiction where none originally existed. *See Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2024 WL 994664, at *5 & n.51 (W.D. Tex. Mar. 7, 2024) (quoting *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 218 (5th Cir. 2012)); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (explaining that "§ 1653 is limited to curing technical defects"

8

and does not permit parties "to substitute new causes of action over which there would be jurisdiction").

### C. Pete's Request for Default Judgment

The discussion above moots Pete's pending motion for default judgment (doc. #4). Federal Rule of Civil Procedure 55 sets forth the conditions under which default judgment may be entered against a party when it fails to plead or otherwise respond to a plaintiff's complaint in the required time frame." *Accredited Sur. & Cas. Co., Inc. v. Landlord's Daiquiri Den, LLC*, No. 1:22-CV-591, 2023 WL 11761514, at *2 (E.D. Tex. July 26, 2023); *see* FED. R. CIV. P. 55(a)–(b). "Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment." *Huntington Distrib. Fin., Inc. v. Corple Enters., Inc.*, No. 4:24-CV-00080-SDJ-AGD, 2025 WL 973934, at *2 (E.D. Tex. Mar. 13, 2025) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)), *R & R adopted*, No. 4:24-CV-00080-SDJ-AGD, 2025 WL 967151 (E.D. Tex. Mar. 31, 2025); *Lindsey v. Prive Corp.*, 161 F.3d 886, 892–96 (5th Cir. 1998).

Initially, there is no clerk's entry of default entered against either the SBA or TOP; therefore, Pete has not "first satisfied certain procedural requirements." *Accredited Sur. & Cas. Co.*, 2023 WL 11761514, at *4; *see also U.S. for Use & Benefit of Graybar Elec. Co., Inc. v. Sames, Inc.*, No. 2:22-CV-114-Z, 2023 WL 3681698, at *2 (N.D. Tex. Mar. 3, 2023) (first citing FED. R. CIV. P. 55; and then citing 50 U.S.C. § 3931) (listing clerk's entry of default as one of four procedural prerequisites to default judgment). More fundamental is the undersigned's determination that this court lacks subject matter jurisdiction over the case. "When entry of default is sought against a party who has failed to plead or otherwise defend, the district has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Nat'l Liab. & Fire*

9

*Ins. Co. v. Mercado*, No. 5:19-CV-131, 2021 WL 2322939, at *2 (S.D. Tex. Feb. 1, 2021) (quoting *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). Even had the clerk entered default, then, the undersigned would still have recommended setting that aside and dismissing this case for a want of subject matter jurisdiction. *See, e.g.*, *Williams v. Progressive Ins. Co.*, No. 2:22-CV-04933, 2023 WL 5487384, at *1–*2 (W.D. La. Aug. 23, 2023) (setting aside clerk's entry of default and dismissing case without prejudice for lack of subject matter jurisdiction); *Thomas v. Culpepper*, No. 4:18-CV-814-ALM-CAN, 2019 WL 6037992, at *3–*5 (E.D. Tex. July 29, 2019) (recommending same), *R & R adopted*, No. 4:18-CV-814, 2019 WL 4564837 (E.D. Tex. Sept. 20, 2019); *Brown*, 84 F.3d at 142–43 (explaining that court must set aside entry of default judgment if it lacks subject matter jurisdiction or personal jurisdiction). Consequently, the court should deny as moot Pete's pending motion for default judgment (doc. #4).

### IV. Recommendation

Plaintiff David R. Pete has not adequately shown that the court has subject matter jurisdiction over this alleged dispute. For this reason, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** and that the court **DENY** Plaintiff David R. Pete leave to amend his complaint. The court should also **DENY AS MOOT** Plaintiff David R. Pete's Proposed Entry of Default, an Affidavit in Support of Entry of Default, and a Motion for Default Judgment (doc. #4).

### V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding

or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 8th day of July, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE