| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DAVID R. PETE, §
§
    *Plaintiff*, §
§
*versus* §
§   CIVIL ACTION NO. 1:25-CV-223-MAC
§
SMALL BUSINESS §
ADMINISTRATION and TREASURY §
OFFSET DIVISION, §
§
    *Defendants*. §

**MEMORANDUM AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

    Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

    On July 9, 2025, the magistrate judge issued a Report and Recommendation (#5) advising the court to: (1) dismiss the case without prejudice, *sua sponte*, because Plaintiff David R. Pete, proceeding *pro se* and *in forma pauperis*, failed to identify a valid waiver of federal sovereign immunity, thus depriving the court of subject matter jurisdiction; (2) deny Pete leave to amend his complaint because of this jurisdictional divesture; and (3) deny as moot Pete's Proposed Entry of Default, an Affidavit in Support of Entry of Default, and a Motion for Default Judgment (#4).

I.   **Plaintiff David R. Pete's Objections (#6) to the Report and Recommendation (#5) are Overruled**

On June 16, 2025, Pete filed timely objections (#6) to the Report and Recommendation (#5). A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). Pete specifically objects to each finding and recommendation in the report. *See* (#6.)

A. Federal Sovereign Immunity and Subject Matter Jurisdiction

Pete is trying to sue the Small Business Administration ("SBA") and Treasury Offset Division. *See* (#1.) The magistrate judge first found that Pete has not identified a valid waiver of sovereign immunity to hale the SBA, an executive branch agency, into court. (#5 at 5–6.) It was further determined that the Treasury Offset "Program," incorrectly pleaded as the Treasury Offset "Division," is not a jural entity, department, or executive constituent amenable to suit; rather, it is "the United States Department of Treasury's ... programmatic implementation authorized by the Debt Collection Improvement Act to collect debts owed to federal agencies." (*Id.* at 5–7.) Even assuming that Pete intended to name the Treasury Department, or only the

2

SBA, he failed to direct the court to a waiver of sovereign immunity. (*Id.* at 6–7.) Pete objects twofold.

First, Pete argues that sovereign immunity is an affirmative defense and plaintiffs are not required to anticipate or plead around affirmative defenses; instead, it must be raised by defendants. (#6 at 3–4.) Initially, none of the four out-of-circuit cases cited by Pete legally support this proposition. In fact, the court is unable to even locate three of the cases with the citations provided by Pete.[1] If Pete is otherwise correct, then he forgets that the court possesses the inherent authority to raise matters of subject matter jurisdiction, including sovereign immunity, "at *any* time." FED. R. CIV. P. 12(h)(3) (emphasis added); *see Craft ex rel. Est. of Craft v. United Servs. Auto. Ass'n*, No. 23-4074, 2024 WL 2891829, at *1 (E.D. La. June 10, 2024) (first citing *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); and then citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005)) ("The lack of subject-matter jurisdiction may be raised at any time during pendency of the case by any party or by the court."). More than that, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (first citing FED. R. CIV. P. 12(h)(3); and then citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)). Pete has not alerted the court to any case law displacing its *sua sponte* responsibility, mandated by Congress, to assure itself of subject matter jurisdiction. *See* (#6.) Pete's first subsidiary objection is overruled.

---

[1] These cases are: "*Maddox v. Parole Comm'n*, 187 F. Supp. 3d 1, 8-9 (D.D.C. 2016);" "*Passmore v. The Pentagon*, No. 1:19-CV-200, 2020 WL 465337, at 5 (S.D. Ohio Jan. 17, 2020);" and "*Butler v. United States*, 702 F.2d 676, 678 (11th Cir. 1983)." (#6 at 3 (italics added).) The court managed to locate *Passmore v. The Pentagon* by using the civil action number on the CM/ECF system, but the court declines to hunt through the docket on Pete's behalf.

Pete objects next that he identified the following waivers of sovereign immunity: 5 U.S.C. § 702; 28 U.S.C. §§ 1331, 2671–80, 1346(a)(2), 1491(a)(1); and 31 U.S.C. §§ 3711 *et seq*. (#6 at 3.) The only statute identified in the complaint is 28 U.S.C. § 1331, which the magistrate judge correctly determined "is a general jurisdiction statute and does not provide a general waiver of sovereign immunity." (#5 at 6 (quoting *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (citing *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1385 (5th Cir. 1989)).) Pete's references to the remaining statutes are not properly before the court. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); *Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 (E.D. Tex. Sept. 27, 2024); *Traylor v. United States*, No. 3:21-CV-104-KHJ-MTP, 2021 WL 5919023, at *3 (S.D. Miss. Dec. 15, 2021). Pete's objection amounts to an impermissible *de facto* amended complaint without leave. The magistrate judge's recommendation to dismiss Pete's complaint pursuant to Rule 12(h)(3) is not contrary to law. Pete's objection is overruled.

  B. <u>Pete's Request for Default Judgment</u>

Naturally, the lack of subject matter jurisdiction renders Pete's otherwise-deniable request for default judgment moot. "When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Nat'l Liab. & Fire Ins. Co. v. Mercado*, No. 5:19-CV-131, 2021 WL 2322939, at *2 (S.D. Tex. Feb. 1, 2021) (quoting *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). Even had the clerk of court entered default against Defendants in this case, which itself is an unsatisfied

4

procedural prerequisite upon which to deny Pete's request, *see* (#5 at 10–11), the court would have been obliged to set it aside and dismiss the case, *see, e.g.*, *Williams v. Progressive Ins. Co.*, No. 2:22-CV-04933, 2023 WL 5487384, at *1–*2 (W.D. La. Aug. 23, 2023) (setting aside clerk's entry of default and dismissing case without prejudice for lack of subject matter jurisdiction); *Thomas v. Culpepper*, No. 4:18-CV-814-ALM-CAN, 2019 WL 6037992, at *3–*5 (E.D. Tex. July 29, 2019) (recommending same), *R & R adopted*, No. 4:18-CV-814, 2019 WL 4564837 (E.D. Tex. Sept. 20, 2019); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142–43 (5th Cir. 1996) (explaining that court must set aside entry of default judgment if it lacks subject matter jurisdiction or personal jurisdiction).  Pete does not sensibly object to this portion of the report.[2]  His objection is overruled.

### C. Leave to Amend

Lastly, Pete objects to the recommendation to deny him leave to amend because the court lacks subject matter jurisdiction. (#6 at 4.)  Pete does not provide any case law explaining how the reasoning of the magistrate judge, which the court agrees with after review, is contrary to law.  *See* (*id.*)  He confusingly argues that the report "incorrect[ly] conclu[ded] that default filings precluded further amendments." (*Id.*)  It did not, as discussed above.  *See* (#5 at 7–9.)  This objection is overruled.

## II.  Order

The court has conducted a *de novo* review of Plaintiff David R. Pete's objections (#6) consistent with the pleadings, briefing, and applicable law.  *See* Fed. R. Civ. P. 72(b).  For the

---

[2] Pete erroneously claims that the magistrate judge recommended dismissal pursuant to Rule 4(m) before summonses were issued. (#6 at 1–2.)  This is not true; a Rule 12(h)(3) dismissal for a lack of subject matter jurisdiction has been recommended. (#5 at 7, 10.)

5

foregoing reasons, Plaintiff David R. Pete's objections (#6) are **OVERRULED**.  The Report and Recommendation of the United States Magistrate Judge (#5) is **ADOPTED**.

Pursuant to Rule 12(h)(3), Plaintiff David R. Pete's claims are **DISMISSED WITHOUT PREJUDICE** and Plaintiff David R. Pete is **DENIED** leave to amend his complaint.  The Proposed Entry of Default, an Affidavit in Support of Entry of Default, and a Motion for Default Judgment (#4) is **DENIED AS MOOT**.

SIGNED at Beaumont, Texas, this 28th day of July, 2025.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE
