| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **DAVID R. PETE,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| *versus* § | |
| § | **CIVIL ACTION NO. 1:25-CV-223-MAC** |
| **SMALL BUSINESS** § | |
| **ADMINISTRATION and TREASURY** § | |
| **OFFSET DIVISION,** § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM AND ORDER ADOPTING THE REPORT
## AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On July 28, 2025, the court entered final judgment (#9) in this case after dismissing the action without prejudice for lack of subject-matter jurisdiction (#8). Four days later, Plaintiff filed an "objection" (#10) and a "motion for objection" (#11) to this court's order dismissing the case. On August 27, 2025, the magistrate judge issued a Report and Recommendation (#12) recommending that Plaintiff's objection be stricken as improper, and that Plaintiff's motion for objection be denied because the court still lacks subject-matter jurisdiction over this case. Plaintiff filed a timely objection (#13) to the Report and Recommendation.

**Analysis**

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

*Striking of Plaintiff's objection (#10) as improper*

Plaintiff did not object to the recommendation that his objection (#10) be stricken as improper. This recommendation is adopted; a party cannot file an objection to an order of a district court in the way they may object to a report and recommendation of a magistrate judge.

*Denial of Plaintiff's motion for objection (#11)*

The magistrate judge recommended that Plaintiff's post-judgment "motion for objection" (#11) be denied due to lack of subject-matter jurisdiction. The court initially dismissed this case *sua sponte* because Plaintiff had not identified a waiver of sovereign immunity as needed to grant subject-matter jurisdiction (#8 at 4). In his post-judgment motion, Plaintiff again failed (nor did he attempt) to identify any waiver of sovereign immunity, so the magistrate judge recommended denial of the motion as subject-matter jurisdiction was still lacking (#12 at 4–5).

In his current objection, Plaintiff addresses subject-matter jurisdiction and claims there is federal question jurisdiction under 28 U.S.C. § 1331, § 1361, and the Fifth Amendment (#13 at 3). As already explained in this case, section 1331 "does not provide a general waiver of sovereign immunity." (#8 at 4 (quoting *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994)).) Regarding the other potential waivers, they are not properly before the court because this is the first time Plaintiff has raised those arguments. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.").

Accordingly, the court lacks subject-matter jurisdiction in this case. As jurisdiction has "cease[d] to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. 506, 514 (1868). This case "must" be dismissed. FED. R. CIV. P. 12(h)(3). The recommendation of the magistrate judge is adopted.

### Order

This case has already been dismissed without prejudice. The Report and Recommendation (#12) of the magistrate judge is **ADOPTED**. Plaintiff's objection (#10) is **STRICKEN** as improper and Plaintiff's motion for objection (#11) is **DENIED**.

SIGNED at Beaumont, Texas, this 17th day of September, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE