| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **DAVID R. PETE,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| versus | § |
| | § CIVIL ACTION NO. 1:25-CV-223-MAC |
| **SMALL BUSINESS ADMINISTRATION** | § |
| **and TREASURY OFFSET DIVISION,** | § |
| | § |
| *Defendants*. | § |
| | § |

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On July 28, 2025, the court entered final judgment (#9) after dismissing this action without prejudice for lack of subject matter jurisdiction (#8). Four days later, Plaintiff filed an "objection" (#10) and a "motion for objection" (#11) to this court's order dismissing the case. On August 27, 2025, the magistrate judge issued a Report and Recommendation (#12) recommending that Plaintiff's objection be stricken as improper and that Plaintiff's motion for objection be denied because the court still lacks subject matter jurisdiction over this case. Plaintiff timely objected (#13), but the objection was overruled and the court entered a Memorandum and Order Adopting the Report and Recommendation on September 17, 2025

(#15). Plaintiff has filed yet another motion—a "Memorandum of Law in Opposition and Motion to Vacate Order Adopting Report and Recommendation" (#16)—complaining about the final judgment.

### Analysis

In his filing, Plaintiff generally complains that the court has failed to conduct a proper jurisdictional inquiry and has, instead, summarily adopted the recommendations of the magistrate judge. This is not accurate. The court has now, in two separate orders, found subject matter jurisdiction to be lacking (#8, #15). Plaintiff's motion to vacate re-urges the same arguments and objections previously overruled or raises arguments for the first time. For example, Plaintiff complains, for the first time, that the court has not conducted a diversity jurisdiction analysis. The court has not conducted a diversity jurisdiction analysis because the Plaintiff asserted federal question jurisdiction in his complaint. Moreover, the defendants are United States agencies, and the United States is not a citizen of a state for diversity purposes. *Lummis v. White*, 629 F.2d 397 (5th Cir. 1980), *rev'd on other grounds*, *Cory v. White*, 457 U.S. 85 (1982).

Plaintiff's Motion to Vacate is without merit. The court lacks subject matter jurisdiction. Accordingly, Plaintiff's Memorandum of Law in Opposition and Motion to Vacate Order Adopting Report and Recommendation (#16) is **DENIED**.

The court entered final judgment in this case in July 2025. If Plaintiff believed the court's analysis was wrong, he was free to file a notice of appeal, which he has not done. Plaintiff is advised that continuing to file motions in this court that re-urge arguments already rejected could subject the Plaintiff to an order to show cause as to why he should not be

sanctioned under FED. R. CIV. P. 11 for making frivolous filings. FED. R. CIV. P. 11(a); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

SIGNED at Beaumont, Texas, this 20th day of November, 2025.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE